879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jan M. BROOKS, Defendant-Appellant.
 No. 88-5066.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 18, 1989.
Decided: July 13, 1989.
 
 Robert L. Flax, for appellant.
 Henry E. Hudson, United States Attorney; Christine F. Wright, Special Assistant (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jan M. Brooks appeals his conviction of possession of cocaine in violation of 21 U.S.C. Sec. 844(a). He maintains that the cocaine found in his jacket and statements he made after his arrest should have been suppressed, and that the chain of custody of the cocaine was not proved at trial. We find no error, and affirm the conviction.
 
 
 2
 Brooks did not testify at the suppression hearing. The testimony of the government agent was that on November 2, 1987, Brooks arrived at Washington National Airport on a shuttle flight from New York. He was met by three men who had been waiting in the outgoing passenger area, and who had attracted the attention of two Drug Enforcement Administration Task Force officers as they did not seem to be trying to catch a flight. When Brooks' flight came in, the three men moved apart, climbed the railing separating them from the arriving passengers, rejoined each other and met Brooks in the hallway leading to the main terminal. Detective Floyd Johnston approached Brooks, identified himself and asked if he could speak to Brooks, who agreed and showed Johnston his ticket. As the three men who met Brooks were getting on the escalator, Johnston asked Brooks if he would be willing to speak to Agent Alvarez. Brooks said he did not mind and Johnston also got on the escalator and asked the three men if they had any identification; two of the men ran up the escalator at that point and disappeared, while the third produced identification and agreed to return with Johnston to where Alvarez and Brooks were talking.
 
 
 3
 As Johnston approached, he heard Brooks tell Alvarez that he was not carrying any narcotics. Alvarez asked if Brooks would mind if Detective Johnston patted him down. Brooks answered that he did not mind, turned toward Johnston and raised his arms slightly from his sides.
 
 
 4
 During the pat-down, Johnston felt a soft powdery package which seemed to be in a pocket of the jacket. He asked Brooks what it was and Brooks did not respond. Johnston tried to retrieve the package and found that it was in some sort of inner pocket which he could not reach. He asked Brooks if he would mind stepping into the airport police station which was close by. Brooks went readily, but when Johnston asked the officer there for a pair of scissors, Brooks said he would get the package out himself, and did so. It contained a white powder which proved to be cocaine. Brooks was arrested.
 
 
 5
 Brooks contends here that the search of his person was illegal because (1) he had been seized without justification at the time of the search, (2) the officers did not have a reasonable suspicion of criminal activity that supported the search, and (3) he did not give a valid consent to the search.
 
 
 6
 The district court's determination at the suppression hearing that no seizure had taken place is essentially factual and should be upheld unless clearly erroneous. United States v. Gooding, 695 F.2d 78, 82 (4th Cir.1982). As evidence that he was seized, Brooks offers the following: first, that the officers' questions to him were inherently intimidating; second, that the officers identified themselves as narcotics agents and asked him whether he was carrying drugs; third, that Detective Johnston pursued Brooks' three companions when they moved away from him; and last, that he was not told he was free to leave.
 
 
 7
 A seizure within the meaning of the Fourth Amendment occurs when a person is restrained by physical force or a show of authority so that he reasonably believes his freedom of movement has been curtailed. United States v. Mendenhall, 446 U.S. 544, 553-54 (1980). The Fourth Amendment is not violated when law enforcement agents approach an individual in a public place and ask him if he is willing to answer some questions. Florida v. Royer, 460 U.S. 491, 497 (1983). Until the moment when the soft package was found concealed in Brooks' jacket, the officers did nothing which would have led Brooks reasonably to believe that his freedom of movement had been curtailed. Nor does the fact that Detective Johnston got on the escalator with the three men who met Brooks indicate a seizure. The officer behaved in the same non-threatening manner to these men as to Brooks. The two men who ran away were not pursued; the one who returned to where Brooks was did so voluntarily.
 
 
 8
 Although statements by officers that a person is suspected of carrying drugs must be carefully weighed in determining whether a seizure has occurred, United States v. Berry, 670 F.2d 583 (5th Cir.1982), in this case the officer merely asked Brooks if he was carrying any drugs. In the absence of compulsion or threatening behavior by the officers, such a question does not create a seizure. United States v. Mendenhall, 446 U.S. 544 (1980); United States v. Lehmann, 798 F.2d 692 (4th Cir.1986).
 
 
 9
 Last, the officers were not required to inform Brooks expressly that he could leave if he chose. Mendenhall, 446 U.S. at 555.
 
 
 10
 When asked if he would allow Detective Johnston to pat him down, Brooks said he did not mind, turned toward Johnston and raised his arms slightly. His consent could hardly have been expressed more clearly. Because the search was consensual, the officers did not need reasonable suspicion or probable cause to justify it. The cocaine discovered as a result of the search and the statements Brooks made after he was arrested and given his Miranda rights were thus admissible.
 
 
 11
 The final issue raised by Brooks--that chain of custody of the cocaine was not satisfactorily shown at trial--is meritless. We therefore affirm the conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and oral argument would not significantly aid the decisional process.
 
 
 12
 AFFIRMED.